BARSON et al. v. MULLIGAN et al.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. JUDGMENT—CONFORMITY TO VERDICT—AMENDMENT.

    In ejectment the court charged that there was nothing left for the jury but the question of plaintiffs' damages. Defendants' counsel excepted to that part of the charge instructing the jury that the only question for them to determine was the amount of damages. The jury awarded plaintiffs certain damages, which were doubled under the statute, and thereafter judgment was entered that plaintiffs were entitled to recover such damages, and they were the owners in fee and entitled to immediate possession. *Held* proper to refuse to amend the judgment by striking out the award of possession, so as to make it conform to the verdict, it being apparent that the court had found for the plaintiffs on all the issues not submitted to the jury.

Appeal from special term.

Ejectment by William G. Barson and another against Agnes K. Murphy Mulligan and another. From an order denying a motion to amend a judgment for plaintiffs, defendants appeal. Affirmed.

See 73 N. Y. Supp. 262.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Brainard Tolles, for appellants.
Henry A. Forster, for respondents.

McLAUGHLIN, J. This action was in ejectment. At the conclusion of the trial the court held there was nothing for the jury except the amount of damages to which the plaintiffs were entitled for the use and occupation, and directed a verdict upon all of the other issues involved. That he directed a verdict upon such other issues is apparent not only from the first sentence in the charge to the jury, in which he said, "* * * Gentlemen of the Jury, the important questions in this case were disposed of, so far as this trial is concerned, by the direction of the court. Whether they are correct or not will be, perhaps, hereafter finally settled, and that leaves for you, in the consideration of this case, merely the question of what damages the plaintiffs were entitled to for the use and occupation of these two plots * * * of land from the second of October, 1897," and the exception by defendants' counsel, to wit, "I will * * * take an exception to that part of your honor's charge in which you instruct the jury that the only question for them to determine is the amount of damages which the plaintiffs are entitled to,"—but also from the order made by the trial court at the conclusion of the trial, which recited the finding made by the jury. The jury awarded plaintiffs certain damages, which were doubled under the statute, and judgment was thereafter entered adjudging that the plaintiffs were entitled to recover such damages, and that they were the owners in fee and entitled to the immediate possession of the premises described in the complaint. Subsequently the defendants moved to correct the judgment by striking therefrom the award to the plaintiffs of the possession of the premises, and direct-

ing that the judgment be made to conform to the verdict rendered. This was denied, and the defendants appealed.

It is perfectly apparent that all of the questions involved in the case were disposed of by the trial court, except the one of damages. This the counsel on both sides understood, and the clerk, when the jury rendered a verdict for the plaintiffs for damages, should have included therein a recovery by plaintiffs by direction upon all of the other issues involved. Indeed, the trial judge, without going through the form of a verdict, could have directed such entry to be made, and this he in effect did when he stated to the jury that he had disposed of all of the questions except the one of damages, which was the only question submitted to them. The court at special term could have directed the clerk to make such entry in his minutes.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements, and an order entered directing the clerk to make an entry in his minutes in conformity with the views here expressed. All concur.